UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOUIN WIX**                                                                    **CIVIL ACTION**

**VERSUS**                                                                       **NO. 05-3239**

**CORNEL HUBERT**                                                       **SECTION "C"(4)**

### TRANSFER ORDER

Petitioner, LOUIN WIX, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1997 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) His guilty plea was not knowingly, intelligently and voluntarily made because the trial court failed to advise him of the nature of the charges, the elements, or the minimum sentencing exposure for the offenses;

2) The trial court failed to require him personally to enter a plea of guilty prior to imposing sentence;

3) He was denied effective assistance of counsel;

4) The trial court failed to obtain a valid waiver of <u>Boykin</u> rights before accepting the guilty plea.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Louin Wix v. O. Kent Andrews</u>, Civil Action 02-0625 "C"(4). In that petition, petitioner raised the following grounds for relief:

1)   His plea was involuntary and unknowing because the state trial court failed to advise him of the nature, the elements, or the minimum sentencing exposure for the offenses to which he was pleading;

2)   The state trial court failed to require him to personally enter a plea of guilty prior to imposing sentence.

That petition was dismissed with prejudice as untimely by Judgment entered December 31, 2003. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)   the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that LOUIN WIX's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 17th day of October, 2006.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE